JOSEPH FOSTER & another *vs.* ADOLPHUS DURANT.

Parties having submitted a matter in dispute between them to arbitrators, and given each other a bond for the performance of their award, without making the submission a rule of court, in any form, and the time for making the award having been extended and expired, it was subsequently agreed in writing, signed and sealed by the parties, and indorsed on one of the bonds, that the time for making the award should be further extended, and that the same should be made to the court of common pleas, next to be held, &c., judgment to be entered and execution to issue accordingly: The arbitrators made an award, stating therein, that it was to be entered at the court of common pleas, &c., and judgment to be entered and execution to issue accordingly: The arbitrators did not, nor did the party in whose favor the award was made, ever return the same to the court of common pleas· In an action of debt on the award, it was held, that the stipulation as to returning the same to the court of common pleas was merely void, and that the plaintiff was entitled to recover, notwithstanding it had not been performed.

THE plaintiffs brought their action of debt, to recover the balance alleged to be due on an award of arbitrators. The case was submitted to the court upon an agreed statement of facts.

The plaintiffs and defendant were formerly partners, engaged in the business of manufacturing paper, under the name and style of Adolphus Durant & company. The partnership having become insolvent, a dissolution took place; and the plaintiffs subsequently filed a bill in equity against the defendant, in which they alleged, that, at the dissolution of the partnership, the defendant would not deliver over the property and effects, according to his agreement, to the plaintiffs, to enable them to pay the debts of the firm, and to divide the surplus, if there should be any, between the parties, or come to a just and fair account and settlement with the plaintiffs. The bill was filed at the October term, 1841, of this court, in Middlesex, when the defendant also appeared, and the cause was continued from term to term, until October, 1844, when there was no appearance of either party, and the cause was terminated by an entry on the docket to that effect.

Whilst the bill in equity was pending, the parties agreed to submit all matters in difference between them, relating to their accounts and dealings as partners, and concerning which the suit in equity was then pending, to the determination of James C. Merrill, Moses Grant, and Edmund P. Tileston; and for that purpose, the plaintiffs on the one side, and the defendant on the other, executed and delivered each to the other a bond, bearing date the 11th of August, 1842, in the penal sum of ten thousand dollars, with a condition that the several obligors therein should abide by, perform and fulfil the award that should be made by the arbitrators.

The bond given by the defendant to the plaintiffs, after stating by way of recital the relation previously subsisting between the parties, and the pendency of the bill in equity, and that it had been "agreed to submit all legal and equitable claims and demands between said parties, and each and every of them, to the arbitration, award and determination" of the

46 *

arbitrators above named, contained the following condition, namely: That if the obligor, his heirs, &c., "shall and do, for and on his and their parts, in all things abide by, perform, fulfil, and keep the award, arbitrament and determination and judgment, which shall by them, the said arbitrators, or a major part of them, be made of and concerning the premises so submitted to them as aforesaid, so as such award, arbitrament, determination and judgment of the said arbitrators or the major part of them be by them made in writing under their hands, ready to be delivered to the parties within two months ensuing the date of these presents, unless prevented by the act of God, then the above written obligation shall be void and of no effect, otherwise shall remain in full force and virtue."

The time for making the award was twice extended, and the agreements therefor, made and signed by the parties, at their respective dates, were written on the bond. The first, signed by the defendant only, was in these words: "The said parties agree, that the time for making said award shall be extended sixty days from this date, September 27th, 1842." The other, signed and sealed by all the parties, was as follows: "1843, March 28th. It is further agreed by the parties, that the report of referees shall be deemed and taken to have been made in due season, if made at and during the session of the court of common pleas, to be holden at said Boston, on the first Tuesday of April next; it being agreed, that the award be made to said court, judgment to be entered and execution to issue accordingly."

The arbitrators, after having heard the parties, made their award in writing under their hands, on the 27th of April, 1843, in favor of the plaintiffs for $5996·37, " together with costs of court, to be taxed according to law." The arbitrators taxed the costs of the arbitration at $360, one half of which they directed should be paid by the defendant, and concluded their award in the following words: "This award to be entered at the present term of the court of common pleas, now held at said Boston, within and for said county of Suffolk. Judgment to be entered, and execution to issue accordingly."

The award was made and signed by the arbitrators, and delivered by them open to the plaintiffs, during the sitting of the court of common pleas, for the county of Suffolk, at the April term thereof, 1843. But the plaintiffs did not, at that term of the court, nor at any term afterwards, offer the award to the court of common pleas, for judgment and execution thereon.

On the 20th of October, 1843, the defendant took the benefit of the insolvent law, and on the 17th of January, 1844, the plaintiffs proved the award, and it was allowed, as a claim against the estate of the defendant.

On the 14th of July, 1845, the assignee of the defendants' estate paid the plaintiffs a dividend on their claim, amounting to $310·34, and on the 16th of January, 1846, another dividend, amounting to $79·24.

The defendant, on the 17th of January, 1844, was refused a certificate of discharge by the master in chancery, before whom the proceedings in insolvency were conducted, and thereupon appealed to this court, by which, on a hearing of the parties, the certificate was also refused.

It was agreed, that if any of the facts inserted in the statement, in favor of either party, would not be admissible evidence for such party before a jury, upon objection made by the other, such facts should be disregarded by the court.

If the plaintiffs are entitled to maintain this action, judgment is to be rendered in their favor, for the amount due on the award, with interest from such time as the court shall direct, and costs; otherwise the plaintiff is to become nonsuit, and the defendant to recover his costs.

*W. Stevens*, for the plaintiffs.

*J. P. Healy*, for the defendant.

SHAW, C. J. This is an action of debt on an award, which comes before the court upon an agreed statement of facts, and has been argued in writing.

The parties had formerly been partners in business, and the plaintiffs had commenced a suit in equity against the defendant, in the county of Middlesex, for an account and settle-

ment. Before much progress had been made in the settie-ment, the parties entered into an agreement, by mutual bonds, for submitting all demands to arbitrators; but not making the submission a rule of court, in that suit, or otherwise. The reference resulted in the award, which is the subject of this action.

The original agreement limited a time, within which the award should be made; afterwards, by an agreement indorsed, the time was extended; and after several months, and after the extended time had passed, a second agreement was made and indorsed on the bond, by which it was stipulated, that the award should be deemed to have been made within the time agreed, if made during the session of the next court of common pleas for the county of Suffolk; it being agreed, that the award should be made to that court, and judgment to be entered, and execution to issue thereon accordingly. The award was made within the term thus limited, and duly published, but not presented to the court of common pleas. The equity suit in Middlesex was terminated by an entry of " neither party."

Proceedings in insolvency against the defendant were sub-sequently instituted, and this award was proved and allowed as a debt against his estate, and two dividends were paid thereon. The insolvent was denied his discharge by the master in chancery, before whom the proceedings were con-ducted, and by this court on appeal.

The defence is, that as the award would have been void, as not being made within the time, without the last agreement of extension, this agreement is necessary to its validity; and that this agreement was made on a condition, that the award should be presented to the court of common pleas for accept-ance, to the end that judgment might be entered and execu-tion issued upon it.

It was relied upon strongly, on the part of the plaintiff, that the allowance of this award, under the proceedings in insol-vency, must have been taken to have been made with the assent of the debtor, and so was a waiver of the exception.

But it does not appear to us, that this allowance can in any sense be considered as made with the consent of the debtor; who could neither remit nor admit the allowance of this claim as his own act; and therefore it cannot be deemed a waiver by him of the exception, when the action is brought directly against him.

But, independently of any such waiver or acquiescence, we are to consider the case upon the other ground of defence. The strength of the argument is, that the extension of time was conditional; that the condition was that the award should be returned to the court of common pleas to be accepted or rejected; and this condition not being complied with, that the award is therefore inoperative and void.

It is questionable, whether upon a fair construction, this clause is conditional. The last indorsement seems rather to embrace two distinct and independent mutual stipulations; one, that the time shall be extended, and the other, that the award shall be returnable to the court of common pleas for its adjudication. But, without putting the case upon this construction, and admitting that the claim in question is to be deemed a condition, it is plainly a condition subsequent, and did not impair, limit or suspend the authority of the arbitrators. It could not begin to operate until the arbitrators had done and finished their duties. It was then a perfect and complete award, at the time it was made and published; and the matter being originally submitted by an arbitration bond, and not by a rule of court, the award became binding by force of the contract, without the adjudication or action of any court, unless such adjudication was required by the clause in question. Then the only objection is, that the award was not returned to the court of common pleas, to the end that judgment might there be rendered on it. But it is perfectly manifest, that the court of common pleas would have no jurisdiction, and could render no effectual judgment upon the award; and the return of it to that court, therefore, would have been a useless or idle act: *Ad vana seu impossibilia lex non cogit.*

It is very clear, that it was not necessary to offer the award to the court of common pleas simply to be rejected for want of jurisdiction. The terms of the agreement were, that the award should be made to the court of common pleas, and that judgment should be entered and. execution issued thereon; and one of the complaints of the defendant is, that he expected a security to his rights, from having the action of the judicial mind of the court, to affirm or correct the doings of the arbitrators.

But parties cannot give courts of justice a jurisdiction, which the law does not give them. Parties may enter into what contracts they please, in regard to all matters which are the proper subject of contract; but they must take such remedies as the laws afford; and they cannot enter into stipulations to give or take any remedies not prescribed by the rules of law. They can make no binding stipulations, that their contracts and the rights derived from them shall only be drawn in question in a suit at common law, when the law gives a remedy in equity, or *vice versa ;* or that a suit shall b.: originally commenced in the supreme judicial court, when the law gives original jurisdiction of it to the court of common pleas, or the reverse; or that an appeal shall be had when the law does not give it ; or that when the law allows it no appeal shall be had. Matters pertaining merely to the remedy depend on the *lex fori*, and cannot, to any considerable extent, be controlled or changed by contract.

It is argued, in the present case, that it was plainly intended and expected by the parties, by the second memorandum indorsed on the arbitration bond, that this award should be presented to, and judicially acted upon by, the court of common pleas. It was undoubtedly so intended, and the agreement is held void, not because it was not the intent of the parties, but because that intent cannot be carried into effect according to the rules of law.

Treating this stipulation, then, as a condition, it was an impossible one, and could not be complied with. The award was a perfect and complete award, made pursuant to the

submission, and within the time agreed upon. Had the condition been a legal and valid one, possible to be performed, being a condition subsequent, the only effect of a non-performance on the part of the plaintiff would be to defeat and annul the award ; but being in its nature impossible to be performed, it is a void condition, and as much a nullity as if no such condition had been made ; and thus the award stands unaffected and indefeasible, as if no condition had been annexed to it.

Judgment is to be entered for the plaintiff, for the amount of the award, deducting the dividends as payments, and computing interest.